ELLERTON L. DORR *vs.* WILLIAM McKINNEY.

A count for money had and received, which refers to another count where the particulars of the claim are set forth, is not subject to demurrer for the reason that no bill of particulars is filed with it.

A count for money had and received as the profits received from a purchase made by the defendant for the joint account of himself and the plaintiff, and a special count setting forth such purchase and profits, must be supported by proof that at the time of the commencement of the action the defendant had actually received more than his disbursements, on the joint account.

A count in contract alleging that the plaintiff and defendant purchased on their joint account certain goods; that the plaintiff was bound and ready and offered to pay for one half of the price; that the defendant took possession of all of the goods, and refused to deliver up the same, or to render any account thereof to the plaintiff, though requested; that the goods were worth more than they cost, and could and ought to have been sold at a profit; but that the defendant refuses to account to the plaintiff for such profit or to pay him anything thereon, is bad on demurrer.

CONTRACT. The original declaration contained two counts, as follows :

" 1. And the plaintiff says that on or about the eighth day of August last past he and the defendant purchased, on their joint account, seventy-two bales of Sea Island cotton, weighing 23,348 pounds, at the rate of ninety-eight cents per pound, amounting to the sum of $22,881.04, one half of which said sum said plaintiff was bound and ready to pay, and offered so to do, as was well known to said defendant. And the plaintiff further says that the defendant took possession of said seventy-two bales of cotton, and refuses to deliver up the same, or to render any account thereof to the plaintiff, although often requested so to do. And the plaintiff further says that said bales of cotton were of greater value· than ninety-eight cents per pound at the time they were purchased, to wit, the value of one dollar and twenty-five cents per pound, and the same could and ought to have been sold at said rate, whereby the plaintiff could and ought to have received large profits ; yet the said defendant refuses to account to said plaintiff for said profits, or to pay him anything thereon, and is now indebted to him in a large sum, to wit, the sum of five thousand dollars.

" 2. Same cause of action as the first count. And the plaintiff

says that the defendant owes him five thousand dollars, for money had and received by the defendant to the plaintiff's use."

The plaintiff subsequently filed an additional count, as fol-lows:

" And the plaintiff further says that on or about the eighth day of August last past the defendant purchased, on joint ac-count with him, and in pursuance of an agreement before that time made with him, seventy-two bales of Sea Island cotton, at the rate of ninety-eight cents per pound, amounting to $22,881,04, one half of which said sum was to be paid by the defendant, and the other half by himself. And the plaintiff further says that after said purchase he was ready to pay and did offer the defendant to pay him half the amount of said joint purchase, and to take one half of said cotton, so as to avail himself of any and all benefit of said joint purchase; that said cotton, at the time of said purchase, was actually worth one dollar and twenty-five cents per pound, and would have sold for that sum, whereby great profits should have accrued to the plaintiff and defendant by reason of said joint purchase; but the said defendant, re-gardless of the joint contract aforesaid, refused to allow the plaintiff to have any benefit of the same, or to have any part of said cotton, but sold said cotton and received the proceeds thereof, and all profits arising out of said purchase and sale, which said profits the plaintiff alleges were six thousand dollars one half of which, to wit, three thousand dollars, belong to the plaintiff, and should have been paid over to him; yet the de-fendant, though requested, has not paid the same, but refuses so to do."

To the declaration, as amended, the defendant filed a demur-rer, which was overruled. The defendant appealed, but was required to answer, and filed an answer, in substance denying each and every allegation of the defendant.

At the trial in the superior court, before *Rockwell,* J., the plain-tiff offered evidence tending to show a contract by the defend-ant on the 5th of August 1863, to purchase the cotton on joint account, and that it was purchased as alleged; but it appeared that, at the date of the writ, the defendant had not received

from sales of it as much money as he had paid out for it. The defendant made various requests for rulings, which the judge declined to give; and instructed the jury, that if they were satisfied that the plaintiff and defendant, on the 5th of August, made a contract that the defendant should purchase the seventy-two bales of cotton, if struck off to him, on joint account; and on the 8th the defendant, in pursuance of that contract, did bid it off; that the plaintiff was ready in season to fulfil his agreement to furnish one half the purchase money to the defendant, and offered and proposed to the defendant to furnish him with it, having the means of doing so, either in money or in funds which could seasonably be converted into such money as would be received for the purchase by the seller; and upon such offer the defendant refused to allow him to furnish the funds; they would be authorized to find a verdict for the plaintiff for one half the net amount of the profits made by the defendant in the transaction of the purchase and sale of the cotton, with interest after realized.

Various other questions arose, which became immaterial by the decision.

The jury returned a verdict for the plaintiff, for $1693.32; and the defendant alleged exceptions.

*T. P. Proctor & W. W. Warren,* for the defendant.

*W. Brigham,* for the plaintiff. The cause of action is a refusal on the part of the defendant to fulfil a contract for a joint purchase. The parties were never partners. The defendant cannot complain of the damages. The verdict is for no more than the plaintiff would have received, if the contract had been performed. It is unimportant whether he had got his whole pay when the action was commenced.

HOAR, J. The demurrer to the count for money had and received, for want of a bill of particulars, cannot be sustained, because reference to the other count may be taken to furnish a sufficient bill of particulars. But this is not very material; as it is apparent that, upon the evidence stated in the bill of exceptions, there was no case proved which would sustain a verdict on this count. At the date of the writ, the defendant had not

received in money or its equivalent so much as he had expended in the purchase of the cotton; and until his expenses were re-imbursed, he would not be required, on any view of the trans-action, to pay any part of the proceeds to the plaintiff. It is true that the case was not put to the jury upon the claim made by this count; and the plaintiff's counsel have not attempted to support the verdict upon it. It will therefore follow that, as the court instructed the jury that they should find for the plain-tiff if certain facts were proved, if the other parts of the declara-tion were defective upon demurrer, the verdict would have no sufficient count to sustain it, and the exceptions must be sus-tained.

On examining the special count in the original declaration, it is difficult to ascertain what cause of action the plaintiff in-tended to set forth in it; and none is stated with legal precision and certainty. The declaration is in contract, and there should be a statement of the contract relied on, and of the breach of it. The count alleges that the plaintiff and defendant purchased on their joint account the quantity of cotton named, and that the plaintiff was bound and ready and offered to pay for his half of it; that the defendant took possession of it, and refuses to deliver it to the plaintiff, or to account for it, though requested. There is no allegation of any agreement to deliver one half of the cotton purchased on joint account; nor would the law im-ply any such promise by one joint owner of a chattel to the other. There is no averment of any promise to account, and nothing to show that there was anything from which a duty to account had arisen before action brought. The possession of one joint owner is the possession of the other, unless there has been some tortious exclusion of the joint tenant. The remain-ing averments are that the cotton was worth more than it cost, and ought to have been sold so as to yield large profits to the plaintiff, but that the defendant refuses to account for such profits or pay the plaintiff anything thereon. But there is no allegation that the defendant agreed to sell it at any time, or within a reasonable time, or why it ought to have been sold, or that he had sold it.

The averments in the third count, filed as an amendment, do not help the matter. It states a purchase of the cotton on joint account; to be paid for, one half by each party, and that the plaintiff was ready and offered to pay his half, and to take one half of the cotton; that the cotton was worth a higher sum than it cost, but the defendant, regardless of the joint contract, refused to allow the plaintiff to have any benefit of the same, or any part of said cotton, but sold it, and received the proceeds and all profits arising from the sale, one half of which belong to the plaintiff, which the defendant refuses to pay him on request. This count, like the first, alleges a purchase on joint account; but it proceeds to aver that the defendant has sold the cotton for a sum named, and received payment, and refused to pay the plaintiff his share on request. This is a statement, rather by inference than directly, that the defendant promised to pay him one half of the profits on the cotton sold; but supposing it to be sufficient in form, the same objection at once presents itself which was found to the count for money had and received. The evidence did not support it, and the instructions given by the judge had no relation to it. Indeed the plaintiff has argued and stated on his brief that the cause of action on which h relies was the refusal on the part of the defendant to fulfil a contract for a joint purchase. But he has not declared on any breach of such a contract. On the contrary, he expressly avers in both the special counts, and by reference in the general count, that the purchase on joint account was made as agreed.

It thus becomes unnecessary to consider in detail the various exceptions which are brought before us; because there was no evidence which supported the second and third counts, and all the rulings were, as to them, immaterial; while the remaining count was bad on demurrer. There was a mistrial, and the verdict must be set aside, and a new trial granted.